## Case No. 13,289.

STANLEY WORKS v. SARGENT et al.

[8 Blatchf. 344; [1] 4 Fish. Pat. Cas. 443; Merw. Pat. Inv. 116.]

Circuit Court, D. Connecticut. April 25, 1871.

PATENTS—VALIDITY—ANTICIPATION—UTILITY.

1. The letters patent granted to William H. Hart, July 4th, 1865, for an improvement in door or shutter bolts, are valid.

2. The invention covered by that patent consists in making the barrel in which the bolt slides of one long piece of sheet metal, with prongs passing through holes in the plate, by which it is riveted to the plate itself.

3. Such invention is not antedated by a wrought-iron bolt, in which the main barrel was short, and there was an additional barrel, as a guide, near the staple, both of the barrels being secured to the main plate by flanges riveted to it.

4. Nor is it antedated by a wrought-iron bolt, in which the main barrel consisted of four pieces of metal, and there was a fifth piece of metal for a guide, although the barrels were riveted by prongs to the main plate.

5. Nor is it antedated by a cast-iron bolt, in which the barrel and the plate are cast in one solid piece, the flanges of the barrel forming the plate and the under side being open.

6. The result of the new organization of the common door-bolt, in this case, was considerable and useful, the new article had superseded the old ones in the market, and it could be manufactured with less expense. It was, therefore, held to be sufficiently new and original to support a patent.

[Cited in Monce v. Adams, Case No. 9,705; Washburn & Moen Manuf'g Co. v. Haish, 4 Fed. 908; Simmonds v. Morrison, 44 Fed. 761.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 8 Blatchf. 344, and the statement is from 4 Fish. Pat. Cas. 443.]

[Drawing of patent No. 48,555. granted July 4, 1865, to W. H. Hart; published from the records of the United States patent office.]

[This was a bill in equity filed to restrain the defendants from infringing letters patent [No. 48,555] for "improvement in door bolt," granted to William H. Hart, July 4, 1865, and assigned to complainants. The claim of the patent was as follows: "Making the barrel of a door or shutter bolt of one piece of sheet-metal, punched, formed, and secured to the plate d, substantially as described."] [2]

Charles E. Mitchell and Benjamin F. Thurston, for plaintiffs.

John S. Beach, for defendants.

SHIPMAN, District Judge. The parties in this case are both corporations. The plaintiffs are the owners of a patent for an alleged new and useful improvement in door or shutter bolts, and have brought their bill against the defendants, alleging an infringement by the latter, and praying for an injunction and an account. The patent was originally issued to one William H. Hart, on the 4th of July, 1865, and passed to the plaintiffs by assignment.

The specification does not describe the invention with the greatest precision, but the invention itself is so simple, that there is no difficulty in understanding it. It consists, as I understand it, in making the barrel in which the bolt slides, of one piece of sheet metal, with prongs passing through holes in the plate, by which it is riveted to the plate itself. The defendants claim that there is no novelty in this device, or, at least, none worthy of being dignified with the name of invention. They produce two wrought iron bolts, which, they insist, antedate the inven-

2 [From 4 Fish. Pat. Cas. 443.]

tion of Hart. The barrel proper on these bolts, produced in evidence by the defendants, is short, and, to secure firmness and accurate movement of the bolt into the catch-piece or staple, a guide, or short additional barrel, is placed at the end of the plate nearest the catch-piece or staple. But the main barrel, and the guide, or short barrel, are both secured to the main plate by flanges riveted to the latter. On the other hand, the barrel on the plaintiffs' bolt consists of one long piece of sheet metal, extending nearly the entire length of the plate, with prongs passing through the latter, by which both are firmly riveted together. No additional short barrel or guide is necessary. To this extent the invention of Hart is clearly new. It is true, that the wrought iron bolts of English manufacture, which were in use before Hart's invention, had barrels riveted by prongs to the main plate; but, in every instance, the main barrel was short, or, rather, it consisted of three short guides or staples, within which the bolt moved, one of them being cut open at the top, for the knob of the bolt to pass through, as the bolt was advanced or retracted. In these English bolts, therefore, the barrel proper, if it can be so called, consisted of four pieces of metal; and, in addition to these, a fifth piece constituted the guide or short barrel near the forward end of the main plate. They are, therefore, widely different, in construction, from Hart's invention.

The cast iron bolts exhibited on the hearing were equally dissimilar. It is true, that the form of the barrel, when viewed from the upper or outer side, resembles Hart's, but the.. and the plate are cast in one solid piece. Indeed, the plate is nothing more than flanges of the barrel, by which the latter is fastened to the door or shutter. The under side is entirely open. The whole thing is clumsy and unlike the bolt of the plaintiffs.

Utility is not an infallible test of originality. The patent law requires a thing to be new as well as useful, in order to entitle it to the protection of the statute. To be new, in the sense of the act, it must be the product of original thought or inventive skill, and not a mere formal and mechanical change of what was old and well-known. But the effect produced by a change is often an appropriate, though not a controlling, consideration in determining the character of the change itself. In this case, the result of what may not improperly be called the new organization of the common door bolt by Hart, was both considerable and useful. The evidence abundantly shows, that the new article, to a great extent, superseded the old ones in the market. It can be manufactured with less expense. It is, certainly, a much more neat and compact article than any in prior use. An inspection of his new bolt, in contrast with the old

ones produced at the hearing, clearly shows, in my judgment, that these advantages resulted from the changes made by Hart, and claimed in his specification; and, though this reconstruction of a well-known article shows no very brilliant inventive skill, yet I think, it is sufficiently new and original to support the patent.

An injunction must, therefore, issue, as the infringement is conceded, and a reference be made to a master to take and state an account.